CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 18, 2024

LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KATIE S.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 5:23-cv-00045 |
| | ) |
| COMMISSIONER OF | )  By: Elizabeth K. Dillon |
| SOCIAL SECURITY ADMINISTRATION, | )      Chief United States District Judge |
| | ) |
|    Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Katie S. (Katie) brought this action for review of the final decision made by defendant, the Commissioner of Social Security (Commissioner), denying her application for Social Security Disability Insurance Benefits. (Compl., Dkt. No. 2.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On August 30, 2024, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's final decision. (R&R, Dkt. No. 21.) Katie filed an objection to the R&R on September 12, 2024. (Obj. to R&R, Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the R&R, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will overrule Katie's objection, adopt Judge Hoppe's R&R in its entirety, and affirm the Commissioner's final decision.

---

[1] Because of privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–5, 9–16.)  Briefly, the Administrative Law Judge (ALJ) determined that Katie suffers from the severe impairments of lumbar spine degenerative disc disease (DDD), morbid obesity, respiratory impairments (obstructive sleep apnea (OSA) and seasonal allergies), depressive disorder, and anxiety disorder with mixed obsessional symptoms.  (Tr. 25, Dkt. No. 8-1.)  These impairments, the ALJ reasoned, do not meet or medically equal a listed impairment.  (*Id*. at 26.)

The ALJ proceeded to conclude that Katie retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), with several restrictions.[2]  The ALJ found that she was unable to perform her past relevant work as a box labeler but could perform other work that exists in the national economy such as price marker, postage machine operator, and photocopy machine operator.  (*Id.* at 37–38.)  Thus, the ALJ determined that plaintiff was not disabled.  (*Id.* at 39.)

On July 20, 2023, Katie filed suit in this court to challenge the Commissioner's final decision.  (Dkt. No. 2.)  By standing order and under authority granted in 28 U.S.C. § 636(b)(1)(B), the court referred the motion to Judge Hoppe.  After full briefing by both parties (Dkt. Nos. 12, 19), Judge Hoppe issued his R&R, recommending that the court affirm the

---

[2] The restrictions noted in the ALJ's decision include: "lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently; standing and/or walking up to 6 hours and sitting up to 6 hours in an 8-hour workday; only occasional climbing ramps or stairs, stooping, kneeling, crouching, crawling, and balancing as defined in the SCO (the Selected Characteristics of Occupations); no climbing ladders, ropes, or scaffolds; and occasional exposure to cold or heat extremes, vibration, respiratory irritants (such as fumes, odors, dust, gases, poorly ventilated areas in concentrations higher than found in a typical household), or workplace hazards (including unprotected heights and dangerous machinery)." (Tr. 30.)  Furthermore, the ALJ noted that Katie "was limited to jobs that require understanding, remembering, and carrying out simple instructions and using judgment to make simple work-related decisions; she could not perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; and she was limited to only occasional interaction with the public, coworkers, and/or supervisors." (*Id.*)

2

Commissioner's final decision that Katie was not disabled, thus denying her application for Social Security Disability Insurance Benefits. (R&R 1.) Katie filed a timely objection to the R&R, and the matter is now ripe for review.

## II.  DISCUSSION

### A. Standard of Review

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of SSA*, 61 F.4th 341, 353 (4th Cir. 2023) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). "Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, [the court] defer[s] to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (internal quotation marks omitted).

Nonetheless, an "ALJ must adequately explain his reasoning" to allow the court to "engage in a meaningful review." *Woods v. Berryhill*, 888 F.3d 686, 692–93 (4th Cir. 2018), *superseded on other grounds as recognized in Rogers v. Kijakazi*, 62 F.4th 872 (4th Cir. 2023). "Indeed, [Fourth Circuit] precedent makes clear that meaningful review is frustrated when an

3

ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). Instead, "ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). If it does so, and the decision is supported by substantial evidence, the ALJ's decision must be upheld. *See id.* at 94; 42 U.S.C. § 405(g).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Id.*

**B. Katie's Objection to the R&R**

Katie raises one objection to the R&R: the magistrate judge incorrectly determined that the ALJ's consistency analysis of Monica Bowler, PA-C's (PA Bowler) opinion was legally sufficient to comply with the regulatory requirements of 20 C.F.R. § 404.1520c(b)(2). (Obj. to R&R 1–3.) Katie saw PA Bowler for a consultative physical examination on June 26, 2021, to evaluate her physical and/or psychological impairments and determine possible disability benefits. (*See* Tr. 1416–23.) The ALJ found that PA Bowler's opinion was not persuasive because it was "somewhat vague and [] not consistent with the evidence as a whole." (*Id.* 36.)

4

Finding the ALJ's consistency analysis sufficient and supported by substantial evidence, the court will overrule Katie's objection.

There are five factors for an ALJ to consider when determining the persuasiveness of a medical opinion: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c. Supportability and consistency are the two "most important factors" for an ALJ to consider when determining "how persuasive [they] find a medical source's medical opinions . . . to be." 20 C.F.R. § 404.1520c(b)(2). "Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

Katie only challenges the adequacy of the ALJ's consistency analysis for PA Bowler's opinion. (*See* Obj. to R&R.) She argues "[t]he issue in this case was not *that* the ALJ mentioned consistency but rather *how* consistency was evaluated." (*Id.* at 2.) She contends, "[p]ointing to a few findings did not explain why Plaintiff's chronic pelvic pain, obesity, and paraspinal tenderness would not be consistent with [PA Bowler's] opinion. (*Id.* at 2–3.) The court disagrees.[3]

---

[3] The court also rejects Katie's argument that the magistrate judge created "a *post hoc* rationalization of evidence that did not exist in the ALJ's discussion of PA Bowler's opinion." (Obj. to R&R 1–3.) Although the court conducts a de novo review of the Commissioner's decision, and, as such, need not address this characterization of the R&R, it nonetheless notes that the R&R merely restates the relevant portions of the ALJ's decision to explain why the consistency analysis is legally adequate pursuant to 20 C.F.R. § 404.1520c(c)(2). (*See* R&R 17.) It was the ALJ who found that Ms. Bowler's opinion was "not consistent with the evidence as a whole." (Tr. 36.) The magistrate judge simply restated that and cited to relevant facts in the record that the ALJ used to support his finding. (*See* R&R 17.) Not only does the court fail to see how that amounts to a "*post hoc* rationalization of evidence," but Katie fails to provide any legal authority to support that contention.

In the six pages preceding the consistency analysis for PA Bowler's opinion, the ALJ examined Katie's testimony and the record evidence from her various medical providers. (*See* Tr. 30–36.) The ALJ summarized Katie's consultative evaluation with PA Bowler as follows:

> In June 2021, the claimant went to Monica Bowler, PA-C. for a consultative evaluation. She reported a 6-year history of back pain and a 7-year history of pelvic pain due to PCOS. She required assistance dressing, cleaning, doing dishes, and vacuuming due to back and pelvic pain, but she had no problems bathing or cooking. She was prescribed Metformin, Baclofen, Levothyroxine, Omeprazole, Amitriptyline, Losartan, and Trazodone. On exam, she was 5'8" tall and weighed 301 pounds. She was in no acute distress, and she was able to sit comfortably throughout the evaluation. She had no problems donning or doffing her shoes and socks. There were no respiratory abnormalities observed and no focal deficits. She walked with a non-antalgic gait and had no problems tandem or heel/toe walking. She had normal strength and sensation in the upper and lower extremities. There were no joint deformities, swelling, or tenderness. There was paraspinal muscle tenderness, but negative straight leg raise testing. She had full range of motion in all body planes.

(*Id.* at 32). Based on that evaluation, PA Bowler opined that Katie could occasionally lift and carry, sit six hours, stand two hours, and walk less than two hours in a workday, and occasionally perform postural maneuvers. (*Id.* at 36.)

The ALJ found PA Bowler's opinion to be "of little persuasion," as it "is somewhat vague and [] not consistent with the evidence as a whole." (*Id.*) The ALJ particularly noted two inconsistencies in PA Bowler's determination that Katie can occasionally lift/carry 0–100 pounds: (1) inconsistency with PA Bowler's own normal examination findings, and (2) inconsistency with the radiology report showing some degenerative changes of Katie's lumber spine. (*Id.*) In addition, the ALJ referenced PA Bowler's observations of Katie's "full motion of the spine, negative straight leg raising testing, and normal strength and sensation of lower

6

extremities." (*Id.*)  The ALJ contrasted these observations with PA Bowler's opinion that placed limitations on Katie standing and walking during the workday.  (*Id.*)

According to Katie, this consistency analysis is inadequate because the "explanation by the ALJ fails to provide any meaningful analysis that would connect the evidence to the rejection of PA Bowler's opinion."  (Obj. to R&R 2.)  However, this conclusory statement fails to consider all the other evidence provided in the ALJ's decision.  As the Fourth Circuit noted, the ALJ's decision must be "read . . . as a whole."  *Keene v. Berryhill*, 732 F. App' x 174, 177 (4th Cir. 2018).  Furthermore, "the ALJ need only review medical evidence once in his decision." *McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002).  Therefore, when the ALJ finds that PA Bowler's opinion "is not consistent with the evidence as a whole," this court must consider the evidence presented in the entirety of the ALJ's decision when determining the adequacy of the consistency analysis.

Here, the ALJ reviewed Katie's medical assessments and testimony, in detail, immediately before articulating how PA Bowler's opinion was inconsistent with the evidence as a whole.  (*See* Tr. 30–36.)  For instance, the ALJ noted that Katie's own testimony indicated that "she retained the ability to perform a wide range of activities including preparing simple or microwavable meals, driving, taking medical coding classes online, playing video games, crafting, sewing, knitting, doing puzzles, watching television and movies, reading, shopping in stores and online, managing money, and caring for pets."  (Tr. 35.)  In addition, she told her doctor that she was able to walk three (3) miles one day and only stopped because of the formation of a blister.  (*Id.* at 34.)  The ALJ found that "[o]ther than some paraspinal tenderness of a few exams, [Katie] had no significant abnormalities in the spine or observed defects related to a spine disorder." (*Id.*)  In addition, the ALJ referenced the x-rays of her lumbar spine

7

showing disc space narrowing, after which she was prescribed Baclofen to treat her low back pain. (Tr. 32). However, the imagery only "show[ed] mild degenerative changes" and Katie had not received any advanced treatment, such as "physical therapy, injection therapy, pain management services, physiatry care, or ongoing orthopedic services." (*Id.*) Furthermore, the ALJ credited the medical opinions of Jack Hutcheson, Jr., M.D. and Bert Spetzler, M.D. in opining that Katie was able to stand/walk and sit a total of six (6) hours in an eight (8) hour workday. (*Id.* at 35.) All of this evidence is inconsistent with PA Bowler's opinion that Katie was limited to two hours of standing and fewer than two hours of walking during an eight (8) hour workday.

Additionally, the ALJ found PA Bowler's opinion to be inconsistent with her own medical findings. In particular, he noted that PA Bowler's "observations included reference to full motion of the spine, negative straight leg raise testing, and normal strength and sensation of the lower extremities," which he found to be inconsistent with the restrictions noted in her medical opinion of Katie. (*Id.* at 36.) The inconsistency between PA Bowler's medical opinion and her own medical observations is a relevant consideration when addressing consistency. *See, e.g., William O. v. O'Malley*, No. 3:23-cv-210, 2024 WL 1376483, at *6 (E.D. Va. Mar. 29, 2024) (concluding that the ALJ's consistency analysis was sufficient where it was based in part on the ALJ's reasoning that a medical opinion was inconsistent with the medical practitioner's own treatment notes). Considering the evidence in its entirety, the court can "build an accurate and logical bridge" of the ALJ's reasoning from the evidence discussed in his decision to his conclusion that PA Bowler's opinion was inconsistent with other parts of the record. *Arakas*, 983 F.3d at 95.

8

Katie also notes the magistrate judge's acknowledgement "that the ALJ's analysis of PA Bowler's opinion could have been more thorough." (Obj. to R&R 1.) However, that does not justify remanding the matter back to the Commissioner. *See Hillman v. Kijakazi*, No. 1:20-cv-00237, 2021 WL 3824685, at *6 (W.D.N.C. Aug. 26, 2021) (noting that although the ALJ's analysis could have been more descriptive, it adequately addressed consistency). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec. Admin.*, 769 F.3d 861, 865 (4th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curium)). Accordingly, the court finds that the ALJ's consistency analysis of PA Bowler's opinion was legally sufficient. *See Ronald P. v. O'Malley*, 2024 WL 1328235, at *2–3 (W.D.Va., March 27, 2024) (finding an ALJ's consistency analysis sufficient where the ALJ built an accurate and logical bridge from the record evidence to the conclusion that a medical opinion was inconsistent with the record).

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the court finds that the ALJ's consistency analysis of PA Bowler's opinion was legally sufficient and supported by substantial evidence. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;

2. Plaintiff's objection (Dkt. No. 22) is OVERRULED; and

3. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: November 18, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge